### KNIGHT, Admx. v. SCHLACHTER et.

#### Ohio Appeals, 6th Dist., Wood Co.

#### No. 406. Decided Nov. 21, 1927.

First Publication of this Opinion.

### Syllabus by Editorial Staff.

887. PARTIES—27. Actions—725. Limitations.

1. Where A and B, operating automobiles going in opposite directions, collide and cause the death of C, a passenger in one of the cars, and are later sued jointly by the administrator of C's estate, for damages for unlawful death, A and B are not "united in interest" within the meaning of 11230 GC.

2. Where such action is commenced within two years, as required by 10772 GC., and service is not had upon A until after the two years has expired, service on B before such expiration does not save action as to A.

Error to Common Pleas.
Judgment affirmed.

Payer, Minshall, Karch & Kerr, Cleveland, for Knight.

Smith, Baker, Effler & Eastman, Toledo, for Schlachter.

### STATEMENT OF FACTS.

On June 25, 1926, the plaintiff filed a petition in the Court of Common Pleas against Joseph Schlachter and Lee Entsminger, averring that she was the administratrix of Anna J. Reynolds, who came to her death on July 10, 1924, under the circumstances averred in the petition. As set forth in the petition, those circumstances are, in substance, that the decedent, Anna J. Reynolds, was a passenger, on that date, in a motor vehicle, operated by Lee Enstminger, proceeding in a westerly direction and that they met the defendant Joseph Schlachter, who was operating a motor vehicle proceeding in an easterly direction and that, by reason of the negligence of the defendants, the two vehicles collided, resulting in the death of the decedent. Summons against both defendants was issued when the petition was filed and served upon the defendant Entsminger prior to July 10, 1926, but summons for the defendant Schlachter was returned without service having been made on him.

On Jan. 24, 1927, an alias summons was issued against Schlachter and service thereof made on him shortly thereafter. The defendant Schlachter thereupon appeared in court

and filed a motion to set aside the service of summons on him on the ground that it was invalid in law, and this motion was granted by the court and thereupon the court dismissed the action as to him.

This proceeding in error is brought to secure a reversal of the order dismissing the action as to Schlachter.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

RICHARDS, J.

The record discloses that no service was made on the defendant Schlachter within the two-year period fixed by 10772 GC., and no summons was served on him until about six months after the expiration of such period. It is urged, however, that by virtue of the provisions of 11230 GC., the service made on his co-defendant, Entsminger, saved the right of action as to him.

The argument is that Schlachter and Entsminger were "united in interest" within the meaning of that statute. According to the averments of the petition they were not conspiring or acting designedly in concert to bring about the collision which resulted in the injury to the decedent, for they were driving separate vehicles in opposite directions. McCord v. McCord, 104 Ohio St. 274; Moore v. Chittenden, 39 OS. 563.